IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                            Criminal Action No. 5:12CR29

JOSE JESUS TAPIA MONTES and
ELMER PINA RAMIREZ,

        Defendants.

## REPORT AND RECOMMENDATION ON
## DISPOSITIVE PRETRIAL MOTIONS

### *I. INTRODUCTION*

The above named Defendants were both charged in each count of a five count superseding indictment, which charged them with: (1) conspiracy to coerce and entice travel in interstate commerce to engage in illegal sexual activity and to transport in interstate commerce with intent to engage in illegal sexual activity; (2) aiding and abetting in the transportation of an individual in interstate commerce with intent to engage in illegal sexual activity; (3) aiding and abetting in the coercion and enticement of an individual to travel in interstate commerce to engage in illegal sexual activity; (4) kidnaping conspiracy; and (5) aiding and abetting in kidnaping. Defendants have since filed a number of pretrial motions, and the Court held a hearing on those motions on December 20, 2012.

### *II. DISCUSSION*

Defendants have filed two dispositive motions. First, Defendants filed a motion to dismiss Count one of the indictment. Second, is Defendant Ramirez's motion to force election of counts,

1

which, if granted, would have the effect of dismissing one or more counts of the indictment. For the foregoing reasons, the undersigned recommends that both motions be **DENIED**.

*A. Motion to Dismiss Count One of the Indictment*

Both Defendants have filed motions to dismiss Count One of the Indictment on the ground that it charges two separate crimes: (1) conspiracy to transport a person in interstate commerce with intent to engage in illegal sexual activity with that person, a violation of 18 U.S.C. § 2421 because the acts were prohibited under Pennsylvania law; and (2) conspiracy to persuade, induce, entice and coerce a person to travel in interstate commerce to engage in illegal sexual activity, a violation of 18 U.S.C. § 2422(a) because, again, the acts alleged are a violation of Pennsylvania law. The government contends that this is no different from the run of the mill drug conspiracy case that charges a defendant with conspiring to sell several different drugs and letting the jury figure out which drugs the defendant is culpable for.

Duplicity, in terms of an indictment, is the "joining of a single count of two or more distinct and separate offenses." *United States v. Hawkes*, 753 F.2d 355, 357 (4th Cir. 1985). "The risk behind a duplicitous charge is that a jury may convict the defendant without unanimous agreement on a particular offense." *United States v. Pleasant*, 125 F. Supp. 2d 173, 175 (E.D. Va. 2000). However, an "allegation in a single count of conspiracy to commit several crimes is not duplicitous, for the conspiracy is the crime, and that is one, however diverse its objects." *Braverman v. United States*, 317 U.S. 49, 54 (1942); *see also United States v. Marshall*, 332 F.3d 254, 262 (4th Cir. 2003). Thus, a conspiracy count contained in an indictment "may allege a unique combination to commit multiple offenses," without being duplicitous, *United States v. Wilson*, 356 F. Supp. 463 (D. Md. 1973), so long as the jury is instructed that the verdict must be unanimous on at least one of the objects of the

conspiracy. *See United States v. Cooper*, 966 F.2d 936 (5th Cir. 1992); *United States v. Trammell*, 133 F.3d 1343 (10th Cir. 1998).

Although perhaps the wording could have been more clear, Count One of the indictment alleges that the two defendants entered into a single agreement to engage in illegal sexual activity as defined by Pennsylvania law, thereby violating several federal statutes, 18 U.S.C. §§ 2421 and 2422(a). Thus, there is no infirmity in that count of the indictment.[1] Accordingly, the undersigned recommends that Defendants' motions to dismiss Count One (Docs. 35 & 40) be **DENIED**.

## B. *Motion to Force Election of Counts*

In this motion, Defendant Ramirez contends that the government is attempting to advance several different theories to the jury, namely whether the victim was forced, threatened, or lacked the mental capacity to consent, in separate counts in the superceding indictment, and that the government should have to elect one single theory to proceed. The government maintains that it is up to the jury to decide if there are sufficient facts to render a guilty verdict on the separate counts, and that only if an inconsistent verdict was reached would it be proper for the court to consider this argument.

It is a well settled "general rule [] that an election will not be compelled when the several counts of the indictment have been inserted in good faith for the purpose of meeting the evidence as it may transpire, the offenses charged, though technically different, being of the same general nature, substantially for the same offense, arising out of the same transaction, and concerning which the same testimony must be relied upon for a conviction." *Terry v. United States*, 120 F. 483, 484

---

[1] Counsel for Defendant Ramirez admits as much in his Motion to Force Election of Counts. *See* Doc. 37, p.4 ("The Indictment is certainly not duplicitous in the sense that more than one distinct offense is alleged in each of the subject counts.")

3

(4th Cir. 1903). This rule stems from the government's "broad discretion to conduct criminal prosecutions, including its power to select the charges to be brought in a particular case." *Ball v. United States*, 470 U.S. 856, 859 (1985). In fact, the Federal Rules specifically allow the government to proceed on more than one theory. Fed. R. Crim. P. 7(c)(1) ("A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by *one or more specified means*."); *see also United States v. Platter*, 514 F.3d 782 (8th Cir. 2008).

Defendant brings to the Court's attention a Fourth Circuit case, *United States v. Williams*, 89 F.3d 165 (4th Cir. 1996), for its proposition that the government should have to elect theories. In *Williams*, the Fourth Circuit found that the South Carolina district court did not err when it allowed the government to proceed with multiple theories of sexual assault. The Court found that the act of force (§ 2241) could coincide with a victim being physically incapable of declining participation (§ 2242(2)(B)). Defendant here argues that this case is factually distinguishable because the victim here could not be forced, threatened, and mentally incompetent at the same time. However, the Court takes a different view. Certainly a person who lacks the mental capacity to consent to a sexual act can be subjected to a sexual act by physical force as well. Accordingly, the Court sees no reason to force the government to choose between theories and recommends that Defendant Ramirez's Motion to Force Election of Counts (Doc. 37) be **DENIED**.

### *III. CONCLUSION AND RECOMMENDATION*

Because Count One of the indictment does not charge more than one crime, and because the government may proceed on more than one theory, the undersigned **RECOMMENDS** that Defendants' motions (Docs. 35, 37, & 40) be **DENIED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within ten (10)

4

days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

DATED: January 15, 2013          /s/ *James E. Seibert*
                                 JAMES E. SEIBERT
                                 UNITED STATES MAGISTRATE JUDGE