IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                           Criminal Action Nos. 5:12CR29-01-02
                                                            (STAMP)
JOSE JESUS TAPIA MONTES
and ELMER PINA RAMIREZ,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND AFFIRMING ORDER OF MAGISTRATE JUDGE**

I. Background

The defendants in the above-styled criminal action have been charged by a federal grand jury in this district with five felony counts relating to activities in which the defendants allegedly engaged relating to alleged victim B.R. on or about the time between July 7, 2012 and July 11, 2012. The original indictment against defendant Jose Jesus Tapia Montes ("Tapia Montes") was entered on September 5, 2012, and that indictment was superseded on October 2, 2012. The superseding indictment added defendant Elmer Pina Ramirez ("Pina Ramirez") as a defendant to the case and also clarified defendant Tapia Montes's proper name. Count One of the superseding indictment charges the defendants with conspiracy to coerce and entice travel in interstate commerce to engage in illegal sexual activity and to transport in interstate commerce with intent to engage in illegal sexual activity, in violation of 18 U.S.C. § 371. Counts Two and Three charge the defendants with

aiding and abetting in the transportation of an individual in interstate commerce with intent to engage in illegal sexual activity, in violation of 18 U.S.C. §§ 2 and 2421, and aiding and abetting in the coercion and enticement of an individual to travel in interstate commerce to engage in illegal sexual activity, in violation of 18 U.S.C. §§ 2 and 2422(a). Count Four alleges that the defendants engaged in a kidnaping conspiracy in violation of 18 U.S.C. § 1201(a)(1) and (c), and Count Five charges the defendants with aiding and abetting in kidnaping in violation of 18 U.S.C. §§ 2 and 1201(a)(1). The defendants' trial relating to these charges is scheduled to commence on April 23, 2013.

In preparation for trial, the defendants have filed a number of motions which were referred to United States Magistrate Judge James E. Seibert for consideration.[1] In response to the defendants' dispositive motions, in the first of which, both defendants request dismissal of Count One of the indictment and, in the second of which, defendant Pina Ramirez asks that the United States be required to make an election of counts, the magistrate judge entered a report and recommendation recommending that this Court deny both of these motions. The magistrate judge informed the parties that, if any party objected to his recommendations contained in the report and recommendation, that party should file objections to the report within ten days[2] of receiving the report.

---

[1]See 28 U.S.C. § 636(b)(1)(A)-(B).

[2]This Court notes that the magistrate judge incorrectly informed the parties that objections must be filed within ten days

Although defendant Tapia Montes requested and was granted an extension of time to object, neither defendant filed objections to the report and recommendation.

The magistrate judge also entered an order which denied the defendants' nondispositive motions, in which both defendants requested a bill of particulars. In response to this order, defendant Tapia Montes requested and was granted a continuance of time to object, and later did file objections. The United States responded to defendant Tapia Montes's objections. Defendant Pina Ramirez did not object to the magistrate judge's order denying his motion for a bill of particulars.[3] Currently pending before this Court is the magistrate judge's report and recommendation regarding dispositive motions, and defendant Tapia Montes's objections to the magistrate judge's order denying his motion for a bill of particulars. For the reasons that follow, this Court affirms and adopts that magistrate judge's report and recommendation in its entirety, and overrules defendant Tapia Montes's objections to the magistrate judge's order denying his motion for a bill of particulars, thus affirming the magistrate judge's order in this regard.

---

of receiving the report and recommendation. The objection period is actually fourteen (14) days following receipt of the report and recommendation. See 28 U.S.C. § 636. However, because no party filed any objections within any period following the issuance of the report and recommendation, this Court finds that this error is harmless in nature.

[3]Accordingly, defendant Pina Ramirez's motion for a bill of particulars has been denied.

## II. Applicable Law

### A. Report and recommendation

Under the Federal Magistrate's Act, 28 U.S.C. § 636(b)(1)(B), a magistrate judge may be designated by a district court to consider motions "to dismiss or quash an indictment" or a count of an indictment in a criminal case. After the magistrate judge has considered such a motion, he must submit '"proposed findings of fact and recommendations for the disposition'" to the district court. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Parties are entitled to file written objections to the findings and recommendations of the magistrate judge, and if a party chooses to object within the fourteen day period allotted by the Act, the district court shall make a de novo review of the findings and recommendations objected to. Id. and 28 U.S.C. § 636(b)(1)(C). Any findings to which no party objects are upheld by the district court unless "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(C).

Here, neither defendant filed objections, and thus the report and recommendation will be reviewed under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A).

### B. Objections to order denying motion for bill of particulars

Title 28, United States Code, § 636(b)(1)(A) allows a magistrate judge designated by the district court to hear and determine non-dispositive motions filed in a criminal case. When a magistrate judge is so designated and does determine such non-dispositive motions, any objections to his determinations are to be

4

considered under the deferential "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A).

III. Discussion

A. Report and recommendation

The subjects of the magistrate judge's report and recommendation are the defendants' dispositive motions.[4] In these motions, the defendants first both seek dismissal of Count One of the superseding indictment on the grounds that that count charges the defendants with more than one crime. Second, defendant Pina Ramirez only filed a motion that requests that this Court compel the government to make pretrial election as between inconsistent alternate theories in the indictment. As noted above, the magistrate judge recommends denial of both of these requests for relief. Finding that this recommendation is not clearly erroneous, this Court will affirm and adopt the recommendations of the magistrate judge as to all pending dispositive motions.

1. Motions to dismiss Count One

The defendants argue that Count One of the superseding indictment charges them with more than one crime, and thus is improper, and must be dismissed as duplicative in violation of the Sixth Amendment's mandate that all criminal defendants be informed of the charges against them, along with the nature and cause of the accusations. U.S. Const. amend. VI. The defendants assert that

---

[4]Both defendants filed a motion to dismiss Count One of the superseding indictment on the same grounds. These motions will be examined as a single request for relief.

5

Rule 8 of the Federal Rules of Criminal Procedure ensures that this provision of the Sixth Amendment is satisfied by requiring that each count of an indictment contain only one offense.  See United States v. Hawkes, 753 F.3d 355, 357 (4th Cir. 1985).  They claim that Count One violates this rule.

Count One of the superseding indictment reads as follows:

> From on or about July 7, 2012, to on or about July 11, 2012, in Ohio County, in Northern District of West Virginia, and elsewhere, the defendants Jose Jesus Tapia Montes and Elmer Pina Ramirez did conspire with each other to commit offenses against the United States, that is, to violate 18 U.S.C. § 2421 and 18 U.S.C. § 2422(a) by (a) knowingly transporting an individual in interstate commerce from West Virginia to Pennsylvania, with intent that such individual engage in sexual activity for which any person can be charged with a criminal offense, that is, a violation of 18 Pa.C.S.A. §§ 3121(a)(1), (a)(2) and (a)(5) and 3126(a)(1), (a)(2), (a)(3) and (a)(6); and, (b) knowingly persuading, inducing, enticing, and coercing any individual to travel in interstate commerce from the State of West Virginia to the State of Pennsylvania, to engage in any sexual activity for which any person can be charged with a criminal offense, that is, a violation of 18 Pa.C.S.A. §§ 3121(a)(1), (a)(2) and (a)(5) and 3126(a)(1), (a)(2), (a)(3) and (a)(6); and the defendants did acts to effect the objects of the conspiracy . . . .

ECF No. 17

This allegation purports to charge the defendants with a single violation of 18 U.S.C. § 371 -- conspiracy to commit offense or to defraud United States.  Title 18, United States Code, Section 371 makes it a felony for "two or more persons conspir[ing] to commit any offense against the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do[ing] any act to effect the object of the conspiracy . . ."  However, the defendants argue that Count One actually charges two

6

conspiracies, one conspiracy to transport a person in interstate commerce with intent to engage in illegal sexual activity with that person, and a second conspiracy to persuade, induce, entice and coerce a person to travel in interstate commerce to engage in illegal sexual activity.

The magistrate judge agreed with the defendants that a single count alleging two conspiracies is duplicitous. However, he contrasted with this situation, one in which a single count alleges one conspiracy to commit multiple crimes. Such a count, so long as the jury is instructed that they must find unanimously as to at least one of the illegal objectives, is not duplicitous because only one conspiracy is alleged. See Braverman v. United States, 317 U.S. 49, 54 (1942); United States v. Marshall, 332 F.3d 254, 262 (4th Cir. 2003); and United States v. Wilson, 356 F. Supp. 463 (D. Md. 1973). The magistrate judge then found that Count One comports with the standards set forth in the above-cited cases because it alleges a single conspiracy to commit two illegal objectives which were both violative of a number of federal and Pennsylvania state criminal statutes, as alleged in the superseding indictment. After reviewing the case law and the superseding indictment, this Court finds no clear error in this finding and thus affirms and adopts it.

2. <u>Defendant Pina Ramirez's motion to compel government to elect counts</u>

Magistrate Judge Seibert's report and recommendation also recommends denial of defendant Pina Ramirez's motion to compel the

7

government to make pretrial election as between inconsistent alternate theories of liability in the indictment. Defendant Pina Ramirez's motion focuses on his position that the various theories alleged by the government in the superseding indictment "are facially inconsistent as a matter of law, thereby placing Defendant at a decided disadvantage from a notice perspective in formulating his defense." ECF No. 37 *1. Specifically, he argues that Counts One, Two and Three allege inconsistent alternate theories of liability.

All of these counts allege that the defendants conspired together and aided and abetted each other in the enticement and transportation of an adult female for the purpose engaging in illegal sexual intercourse. However, defendant Pina Ramirez asserts that each of these counts allege inconsistent theories regarding the precise manner in which the defendants allegedly committed these acts. These counts allege that the defendants forced the victim to engage in sexual intercourse, threatened the victim to compel her to engage in sexual intercourse, and also that the victim is unable to consent to sexual intercourse due to mental infirmity. Defendant Pina Ramirez argues that the allegations of force and threat are similar and could coexist on a single indictment. However, he asserts, the allegations that the defendants exploited the alleged victim's claimed mental infirmities in order to engage in sexual activity with her is inconsistent with the previous two allegations. Accordingly,

8

defendant Pina Ramirez maintains that he is disadvantaged in preparing his defense to these allegations.

In his report and recommendation, the magistrate judge found that election should not be compelled whenever the allegations in the indictment are all asserted in good faith, with "'the purpose of meeting the evidence as it may transpire'" even if the charged offenses are "'technically different, [but] of the same general nature, substantially for the same offense, arising out of the same transaction, and concerning which the same testimony must be relied upon for a conviction.'"  ECF No. 67 *3 (quoting Terry v. United States, 120 F. 483, 484 (4th Cir. 1903).  After review, this Court agrees with the magistrate judge that the allegations raised in the superseding indictment are directly of the manner described in Terry, and thus this Court does not find clear error in the magistrate judge's recommendation that the motion to compel the government to elect counts be denied.

B.   Order denying non-dispositive motions

The defendants also filed motions for a bill of particulars regarding Counts One and Four of the superseding indictment, in which they argue that these counts contain nothing but boilerplate statutory language, and thus do not sufficiently apprise them of the charges against them.  Federal Rule of Criminal Procedure 7(f) provides that a court may direct the United States to file a bill of particulars if an allegation in an indictment is not sufficiently detailed.  However, as the magistrate judge notes, the rule "is not to be used to provide detailed discourse of the

9

government's evidence in advance of trial." United States v. Automated Medic. Labs., Inc., 770 F.2d 399, 405 (4th Cir. 1985).

In denying the defendants' motions for a bill of particulars as to Counts One and Four, the magistrate judge found that, according to case law reviewing the subject, "if the government turns over its entire file to the defendant, then 'the purpose of a bill of particulars if fully satisfied.'" ECF No. 66 *3 (quoting United States v. Adams, 335 F. App'x 338, 344 (4th Cir. 2009)). Accordingly, because the United States averred in response to the motions that it had turned over all discovery in its possession in this case, the magistrate judge found that the purpose of a bill of particulars had been satisfied, and that the defendants were fully aware of the evidence to be used against them at trial.

As noted above, defendant Tapia Montes filed objections to this order denying his motion for a bill of particulars. In his objections, defendant Tapia Montes asserts that Counts One and Four create a significant notice problem because they fail to indicate who agreed with whom, to do what, where and how. Defendant Tapia Montes reasons that the allegations against him are atypical and very serious, and that the stakes are quite high in this case, thus making the need for adequate notice even more acute. Defendant Tapia Montes further asserts that the discovery in this case has failed to cure the notice problem related to Counts One and Four because it is incomplete and does not fully develop the allegations in those counts.

The United States responded to these objections. In its response, the government argues that the defendant's request is beyond the appropriate use of a bill of particulars, and will "require the United States to write out its opening statement." ECF No. 73 *1. The government argues that it has turned over all of the discovery in its possession, and the defendant may make the same inferences from that discovery, coupled with the allegations in the complaint, that the government has made from that same discovery.

While this Court recognizes that defendant's argument regarding the serious nature of the charges against him, a review of the record before this Court finds no clear error in the magistrate judge's decision to deny defendant Tapia Montes's motions for a bill of particulars. As the magistrate judge explained, a bill of particulars "is not to be used to provide detailed discourse of the government's evidence in advance of trial." <u>Automated Medic. Labs., Inc.</u>, 770 F.2d at 405. Further, while defendant Tapia Montes continues to assert that he has not been afforded sufficient notice as to the conspiracy charges against him, he cites no case law to suggest that particular circumstances exist where receipt of the government's entire discovery file would not cure any notice problem, making a bill of particulars appropriate. <u>See</u> <u>Adams</u>, 335 F. App'x at 344. Here, it is clear that the government has shared with the defendant all discovery of which it had the benefit in forming the allegations against the defendant, and thus the defendant is at no disadvantage

in forming his defense to the charges against him. As such, defendant Tapia Montes's objections to the magistrate judge's order denying his motion for a bill of particulars are overruled. The magistrate judge's order denying this motion is thus affirmed.

## IV. Conclusion

For the reasons set forth above, this Court AFFIRMS and ADOPTS the report and recommendation of the magistrate judge (ECF No. 67) in its entirety. The defendants' motions to dismiss Count One (ECF Nos. 35 and 40) are thus DENIED. Defendant Pina Ramirez's motion to force election of counts by the government (ECF No. 37) is also DENIED. Further, the magistrate judge's order denying the defendants' motions for a bill of particulars is AFFIRMED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendants and to counsel of record herein.

DATED:    April 8, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE